## Werdebach et al. *v.* Abel, Appellant.

*Vendor and vendee—Landlord and tenant—Possession—Specific performance—Judgment on warrant of attorney in lease.*

1. If, at the time a lease is executed, the lessor and lessee execute a contract, whereby the lessor agrees to convey the leased premises to the lessee on payment of the purchase price within six months, and the lessee enters into possession, the possession of the latter is under the lease and not under the articles of agreement.

2. Where the lessee does not comply with the articles and makes no tender of the purchase price, and the time limit has expired, a judgment entered on a warrant in the lease, will not be opened.

3. In such case, the fact that the lessee after the lessor's death had petitioned the orphans' court to compel specific performance, is immaterial.

Argued January 11, 1923. Appeal, No. 230, Jan. T., 1923, by defendant, from order of C. P. No. 3, Phila. Co., June T., 1922, No. 10194, refusing to open a judgment, in case of Alphons T. Werdebach, Administrator c. t. a. under will of Joseph Werdebach, deceased, and Anna Werdebach, guardian of estate of Elizabeth Ann Werdebach and Mildred Agnes Werdebach, minors, v. Blanche Abel. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Rule to open judgment. Before FERGUSON, J.
The opinion of the Supreme Court states the facts.
Rule discharged. Defendant appealed.

*Error assigned,* inter alia, was order, quoting record.

*Joseph J. Broadhurst,* for appellant, cited: Simmon's Est., 140 Pa. 567; Bender v. Luckenbach, 162 Pa. 18; Manzer v. Wycoff, 78 Pa. Superior Ct. 560; Dutton's Est., 208 Pa. 350; Winpenny v. Winpenny, 92 Pa. 440.

*William A. Hayes,* for appellees.

PER CURIAM, February 12, 1923:

Judgment was entered on a warrant of attorney contained in a written lease of real estate; defendant asked that the judgment be opened and she let into a defense; the petition was denied, and this appeal followed.

The lease in question is dated June 9, 1919, and the judgment for possession was entered August 31, 1922. When the lease was signed and defendant took possession thereunder, the lessor and lessee executed a contract of sale, whereby the former agreed to convey to the latter the leased property, on payment of the purchase price within six months, "said time to be the essence of this agreement, unless extended by mutual consent in writing endorsed hereon"; but when the judgment appealed from was entered more than three years had expired, and the purchase money had not been paid.

Appellant alleged waiver of the strict requirement as to time for settlement; the averments in this regard are very general, however, the facts constituting the alleged waiver not being stated, and no evidence on the subject was produced.

Appellant contends the court should have opened the judgment entered on the lease, because of the equitable title claimed to be in her under the agreement of sale and the fact that, after the lessor's death, she had petitioned the Orphans' Court of Bucks County to compel specific performance, which proceedings are still pending.

The court below took the ground that defendant was not in possession under the agreement, but under the lease, as a tenant from July 1, 1919. In this we see no error. The fact that a lease was executed tends strongly to negative the idea that appellant was in possession under the agreement, and the character of her possession differentiates this case from those relied on by appellant.

The essential thing to entitle appellant to specific performance and the right of possession by force of the agreement of sale was tender by her of the purchase

money, and nowhere in these proceedings has she averred or proved tender, nor conduct by the vendor which would waive the necessity of tender.

Appellant saw fit to rest in the main on the rights accruing to her by virtue of the contract of sale and the bare fact that she had commenced proceedings in the court of another county to enforce such alleged rights; these grounds, as presented, did not move the court to grant the relief asked, and we are not convinced of error.

The order appealed from is affirmed.